United States District Court
Southern District of Texas
FILED

JAN 30 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. M-19-155 |
| § | |
| THALIA GARZA § | |

### SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

#### Count One

From on or about July 14, 2015, to on or about June 2, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**THALIA GARZA**

did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other person or persons unknown to the Grand Jurors, to knowingly conduct and attempt to conduct a financial transaction that affected interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances which is punishable under Title 21 of the United States Code, and that while conducting or attempting to conduct said transaction the defendant knew that the property or currency involved represented the proceeds of some form of unlawful activity and that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h).

#### Count Two

From on or about July 14, 2015, to on or about June 2, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

## THALIA GARZA

did knowingly conduct, control, manage, supervise, direct and own all or part of an unlicensed money transmitting business, through the use for a fee of her Wells Fargo Bank accounts, in that the business affected interstate and foreign commerce and (i) was operated without an appropriate money transmitting license in the State of Texas; (ii) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed thereunder, and (iii) otherwise involved the transportation and transmission of funds that are known to the defendants to have been derived from a criminal offense and are intended to be used to promote and support unlawful activity.

In violation of Title 18, United States Code, Sections 1960 and 2.

## **NOTICE OF FORFEITURE**
18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant

## THALIA GARZA

that upon conviction of a violation of Title 18, United States Code, Sections 1956 or 1960 as charged in the indictment, all property, real and personal, involved in such offense, and all property traceable to such offense, is subject to forfeiture.

The property subject to forfeiture, includes, but is not limited to, the following property: approximately $ 125,000 in United States currency.

### Money Judgement

Defendant is notified that a money judgment may be imposed equal to the total value of the property subject to forfeiture.

Substitute Assets

In the event that the property subject to forfeiture as a result of any act or omission of the defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred to sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p) incorporated by reference in Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

_Robert Wells_
ASSISTANT UNITED STATES ATTORNEY